NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE HUMBERTO SOARES,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-652

Agency No.
A099-825-178

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Seattle, Washington

Before: HAWKINS, BEA, and BRESS, Circuit Judges.

Petitioner Jose Soares, a native and citizen of Brazil, petitions for review

of an order of the Board of Immigration Appeals ("BIA"), which dismissed his

appeal from an order of an immigration judge ("IJ"), who denied Petitioner's

claim to asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture.[1] The parties are familiar with the facts and procedural history, so we do not repeat them here. For the reasons stated below, we deny the petition.

1. Petitioner is not entitled to asylum because his application was filed after the deadline to do so. *See* 8 U.S.C. § 1158(a)(2)(B). Petitioner claims two changed circumstances occurred which ought to excuse his late filing, but neither is sufficient.

a. First, Petitioner claims that a Brazilian police attack on his brother and sister-in-law, subsequent threatening phone calls in Brazil beginning in January 2006, and the death of Petitioner's other brother in 2007 led Petitioner to fear harm upon his return to Brazil. The IJ held that the attacks on Petitioner's family were not related to Petitioner's "whistleblowing" conduct or any other fear of persecution or torture. We have no jurisdiction to review that factual finding because Congress has stripped this court's jurisdiction over factual determinations which support the IJ's changed circumstances analysis. *Gasparyan v. Holder*, 707 F.3d 1130, 1133–34 (9th Cir. 2013).[2] Because the attacks were not on Petitioner and because the IJ held that they do not represent

---

[1] Petitioner also applied for voluntary departure, but that claim was abandoned before the BIA.

[2] Petitioner argues that the BIA made impermissible factual findings on appeal. However, Petitioner does not indicate any facts used in the BIA's decision which did not appear in the IJ's decision. Instead, Petitioner's argument appears to be that the BIA utilized the factual findings of the IJ to support different legal conclusions. That is not impermissible factfinding. *Cf. Brezilien v. Holder*, 569 F.3d 403, 413 (9th Cir. 2009).

a risk of harm to Petitioner, they are not material to Petitioner's eligibility for asylum and therefore cannot excuse Petitioner's late filing. *See* 8 U.S.C. § 1158 (a)(2)(D).

      b.     Second, Petitioner claims that he became aware in 2006 that the Brazilian government was actively seeking him out. The Brazilian government's interest in arresting Petitioner is not a sufficient changed circumstance. The IJ found that there "is sufficient probable cause that [Petitioner] committed the offense contained in the [Brazilian] indictment," and the IJ found that Brazilian officials would not persecute or disproportionately punish Petitioner for his crimes. The crime was not a political crime. Because there is no connection between the criminal proceedings in Brazil and any threat of persecution or torture,[3] the mere fact that Brazilian officials expressed a renewed interest in arresting Petitioner is not material to the asylum decision.

2.     Petitioner claims that his Due Process Clause rights were violated during the course of the agency proceedings because he was misled into believing that the BIA remand would focus solely on factual issues regarding his eligibility for asylum and that he was surprised to find that the second IJ held that his application for asylum was not excused by changed circumstances.

---

[3] Granted, *Petitioner* believes that there is a connection between the criminal prosecution and a threat of persecution or torture. However, Petitioner's belief in the materiality of the changed circumstances is not dispositive. And Petitioner's belief contradicts the IJ's factual findings, which the panel has no jurisdiction to review when assessing changed circumstances.

Even had the IJ misled Petitioner as to the scope of the live issues on remand, Petitioner does not make any proffer of evidence of prejudice beyond the vague assertion that he could have presented "testimony and evidence" on the changed circumstances exception had he known that the issue was live on remand. Petitioner does not explain what the content of that testimony or evidence would have been.

It is the alien's burden to either "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States" or "demonstrate[] to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2).

The issue was raised and litigated before the first IJ. Petitioner received a full and fair opportunity to introduce evidence of changed circumstances. Petitioner did introduce evidence of changed circumstances which was accepted by the first IJ, but then rejected by the second IJ and then by the BIA. Petitioner has not proffered any additional evidence that he would have presented on remand. Thus, even if the IJ did mislead Petitioner as to the scope of remand, Petitioner has not demonstrated any prejudice arising from that error. We therefore deny Petitioner's claim to relief under the Due Process Clause.

3. Petitioner's claims to withholding of removal and CAT protection have not been mooted by his removal. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933,

4

935–36 (9th Cir. 2016). Nonetheless, we deny them on the merits. Petitioner's claim to withholding of removal fails because substantial evidence supports the BIA's conclusion that there are serious reasons to believe Petitioner committed a serious non-political crime in Brazil, which renders him statutorily ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(iii); *Guan v. Barr*, 925 F.3d 1022, 1026 (9th Cir. 2019). Petitioner's claim to CAT protection is meritless because substantial evidence supports the agency's conclusion that Soares failed to prove that he faces a likelihood of future torture or that the Brazilian government would consent or acquiesce to the torture. *See B.R. v. Garland*, 4 F.4th 783, 800 (9th Cir. 2021) (assertions of police corruption and ineffectiveness are insufficient to establish that a public official would more likely than not acquiesce to torture).

4. Because Petitioner has been removed to Brazil, we deny Petitioner's motion to stay removal (Dkt. No. 3) as moot.

**PETITION DENIED.**